UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RODRIGUEZ,<br><br>           Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>           Defendant. | Case No. CV 11-5809 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On July 14, 2011, plaintiff Isaac Rodriguez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 19, 2011 Case Management Order ¶ 5.

///

1    Based on the record as a whole and the applicable law, the decision of the
2 Commissioner is AFFIRMED.  The findings of the Administrative Law Judge
3 ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.     BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 12, 2009, plaintiff filed an application for Disability Insurance Benefits.  (Administrative Record ("AR") 105).  Plaintiff asserted that he became disabled on May 7, 2008, due to, *inter alia*, reconstructive surgery on his left elbow, an injured right elbow, and severe pain.  (AR 140).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by an interpreter) and a vocational expert on September 14, 2010.  (AR 28-53).

On September 24, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 16, 24).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  bilateral cubital tunnel syndrome status post surgery on the left elbow, status post left elbow arthrotomy, debridement, removal of loose bodies and osteophytes, medial collateral ligament reconstruction via repair of a medical epicondyle nonunion, and in situ cubital tunnel release, right elbow sprain, and right cubital tunnel syndrome (AR 18); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 19); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)), but was also limited to occasional pushing and pulling

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

with the upper extremities and no more than frequent fine and gross manipulation (AR 19); (4) plaintiff could not perform his past relevant work (AR 22); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically housekeeping cleaner, marker, and automatic car wash attendant (AR 23); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 20).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III.  APPLICABLE LEGAL STANDARDS

#### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

///

|   |      |                                                                 |
|---|------|-----------------------------------------------------------------|
| 1 | (3)  | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
| 2 | (4)  | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| 3 | (5)  | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B.   Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

IV. DISCUSSION

    A.    **The ALJ Properly Evaluated the Medical Opinion Evidence**

        1.    **Pertinent Law**

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians").  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[2]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Morgan v.

///

---

[2] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). These standards also apply to opinions of examining physicians. See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester, 81 F.3d at 830-31); Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

///
///

### 2. Discussion

On August 6, 2009, Dr. H. Harlan Bleecker, a state agency physician, performed a Complete Orthopedic Evaluation of plaintiff which included a physical examination. (AR 281-84). Based on his examination of plaintiff, Dr. Bleecker opined that plaintiff (i) could lift or carry 20 pounds occasionally and 10 pounds frequently; (ii) could sit, stand and walk for six hours in an eight hour day; (iii) could only occasionally extend and flex both elbows; and (iv) had no restrictions in the lower extremities. (AR 284).

Plaintiff contends that the ALJ improperly rejected Dr. Bleecker's opinion that plaintiff could only occasionally extend and flex both elbows. (Plaintiff's Motion at 3-10). The Court finds that a remand or reversal on this basis is not warranted.

First, with respect to Dr. Bleecker's opinion that plaintiff could only occasionally extend and flex his <u>left</u> elbow, as the ALJ accurately noted, such opinion conflicts with and is unsupported by Dr. Bleecker's own report, which reflects that on examination plaintiff had "normal extension/flexion of the left elbow." (AR 21, 282). Therefore, to the extent the ALJ rejected Dr. Bleecker's opinion that plaintiff could only occasionally extend and flex his left elbow, he properly did so for clear and convincing reasons based on substantial evidence. See <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005) (A discrepancy between a physician's notes and recorded observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.); see also <u>Connett v. Barnhart</u>, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes); <u>cf</u>. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept a treating physician's opinions that are conclusory and brief, or unsupported by clinical findings or physician's own treatment notes).
///

Second, an ALJ may properly reject a medical opinion if it is inconsistent with a plaintiff's demonstrated abilities. Magallanes, 881 F.2d at 751-52. Here, plaintiff testified at the administrative hearing that he could (i) drive to school to attend English classes three hours per day, four days per week; (ii) stay at home with his wife and cook two to three days per week; (iii) wash clothes; (iv) sometimes wash a few dishes; (v) go shopping with his wife and carry the lighter grocery bags; and (vi) enjoy spending time with his family. (AR 20, 40-42). The ALJ reasonably concluded that plaintiff's "fairly normal activities of daily living" were inconsistent with the severity of the manipulative restrictions found by Dr. Bleecker. (AR 20, 22).

Finally, the ALJ properly rejected Dr. Bleecker's opinion regarding plaintiff's bilateral elbow extension/flexion limitation in favor of the conflicting opinions of Dr. Gil Tepper,[3] plaintiff's treating physician, Dr. Lee Silver,[4] an agreed medical examiner for plaintiff's workers' compensation case,[5] and Dr. M. Bayar,[6] the state-agency reviewing physician – all of whom found no limitations

---

[3] As the ALJ noted, Dr. Tepper opined that plaintiff needed to avoid lifting more than 10 pounds, pushing, pulling, torquing or other strength activities with the left elbow, but plaintiff was unrestricted in his right upper extremity. (AR 21, 302).

[4] As the ALJ noted, Dr. Silver restricted plaintiff from lifting more than 40 pounds, and precluded plaintiff from work involving repetitive firm or strong gripping and repetitive fine manipulation. (AR 21, 351).

[5] Contrary to plaintiff's suggestion, the ALJ was not required to disregard Dr. Silver's medical opinions merely because they were issued in a workers' compensation context. (Plaintiff's Motion at 8-9). "In analyzing medical opinions using state workers' compensation terminology, the ALJ is entitled to draw inferences logically flowing from the evidence." Booth v. Barnhart, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002) (citations and internal quotation marks omitted).

[6] Dr. Bayar opined, based on a review of plaintiff's medical records (which included reports from Drs. Tepper and Silver), that plaintiff (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could sit, stand and/or walk about six hours in an

(continued...)

1 beyond those already accounted for in the ALJ's residual functional capacity
2 assessment. (AR 21-22) (citing Exhibits 5F [AR 285-90] (Dr. Bayar); 7F at 9 [AR
3 302] (Dr. Tepper); 11F at 7-9 [AR 350-52] (Dr. Silver)). The opinion of the state
4 agency reviewing physician constituted substantial evidence supporting the ALJ's
5 decision since, as the ALJ essentially noted, it was based in part on the opinions of
6 plaintiff's treating and examining physicians, and such doctors' underlying
7 independent examinations of plaintiff, and was "most consistent" with the medical
8 evidence as a whole. (AR 21-22); see Tonapetyan, 242 F.3d at 1149 (holding that
9 opinions of nontreating or nonexamining doctors may serve as substantial
10 evidence when consistent with independent clinical findings or other evidence in
11 the record); Andrews, 53 F.3d at 1041 ("reports of the nonexamining advisor need
12 not be discounted and may serve as substantial evidence when they are supported
13 by other evidence in the record and are consistent with it"). Although plaintiff
14 argues that the state agency physician's opinion is not "strongly consistent with
15 the record as a whole" (Plaintiff's Motion at 8-9), this Court will not second-guess
16 the ALJ's reasonable conclusion to the contrary, even if the medical evidence
17 could give rise to inferences more favorable to plaintiff.
18     Accordingly, a remand or reversal on this basis is not warranted.
19 **V. CONCLUSION**
20     For the foregoing reasons, the decision of the Commissioner of Social
21 Security is affirmed.
22     LET JUDGMENT BE ENTERED ACCORDINGLY.
23 DATED: January 30, 2012

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[6](...continued)
eight-hour workday; (iii) could only occasionally push and/or pull in upper extremities; (iv) had no postural limitations; and (v) was limited to frequent handling/fingering bilaterally. (AR 21, 286-88, 291-92).

9